# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JONATHAN MANZOLILLO  :
111 Central Avenue  :
Dear Park, NY 11729  :
 :
 :
          VS.  :
 :
NATIONAL RAILROAD PASSENGER  :
CORPORATION (AMTRAK)  :
60 Massachusetts Avenue, NE  :
Washington, D.C. 20002  : **JURY TRIAL DEMANDED**
 :

## COMPLAINT

1. The Plaintiff herein, Jonathan Manzolillo, a citizen and resident of the State of New York, residing at the above address.

2. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

3. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the Washington, D.C. and extensively operates in New Jersey via the Northeast Corridor rail system.

3. At the time and place hereinafter mentioned and for a long time prior thereto, defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage, and domestic mail, in commerce, between the different states of the United States and its territories.

4. All the acts alleged to have been done or not to have been done by the Defendant

were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff, were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto Plaintiff was employed by Defendant.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

9. As a result of the injury event herein referred to, Plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; and has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The injury event herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about December 5, 2014, and for some time prior thereto, Plaintiff was employed by Defendant, Amtrak as a machinist and on that date in the performance of his duties he was caused to sustain the serious, permanent and painful personal injuries, more particularly

hereinafter described when, while replacing the handrail on the escalator, Plaintiff was caused to sustain injury due to the negligence and carelessness of the Defendant, by not protecting him from known dangers, such a broken/malfunctioning control key and insufficient personnel for the task. As a result, Plaintiff sustained personal injuries hereinafter described.

8. The negligence and carelessness of the Defendant consisted of the following, inter alia:

a) Failing to provide Plaintiff with a safe place to work;

b) Failing to provide Plaintiff with a working area which was not defective;

c) Failing to provide Plaintiff with equipment which was not defective;

d) Failing to warn Plaintiff of the existence of said dangerous condition;

e) Failing to make the work area reasonable safe for working condition;

f) Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

g) Failing to provide safe methods and procedures;

h) Failing to correct the dangerous conditions existing thereon;

9. The aforesaid accident was caused by the negligence of the defendant, its agents, servants and/or employees, and by defendant's violation of "The Federal Employers' Liability Act", and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10. As a result of the aforesaid, Plaintiff suffered injuries to his back radiating down his leg into his foot and his knee.  Plaintiff has been advised that some or all of the above may be permanent in nature.

11. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

12. As a result of the aforesaid, Plaintiff has and may suffer a severe loss of his

earnings and impairment to his earning capacity and power.

13. As a further result of the negligence of the Defendant, the Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

14. As a further result of the aforesaid, Plaintiff has been obliged to expend large sums of money for medicines and medical care and attention in and about an effort to effect a treatment and cure of his aforesaid injuries, and he will be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

**WHEREFORE**, the plaintiff, Jonathan Manzolillo, claims of the defendant, all damages that he is eligible for under the Federal Employers Liability Act (FELA). The amount in controversy exceeds ONE HOUNDRED AND SEVENTY-FIVE THOUSAND ($175,000).

**KELLER & GOGGIN, P.C.**

By: /S/James M. Duckworth
JAMES M. DUCKWORTH, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

I, Jonathan Maurillo, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

